IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cr-00300-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ANTHONY PACHECO,

    Defendant.

and

SABRINA SAVANNAH LOPEZ,

    Claimant.

## RECOMMENDATION TO DISMISS CLAIMANT

In this asset forfeiture case, the Court conducted a conference on this date, at which the following evidence was adduced: Claimant entered the action by filing a "Motion for/to a Hearing to Adjudicate the Validity of the Alleged Legal Interest in this Property." ECF 126. The genesis of Claimant's alleged interest was a mistake by the Drug Enforcement Administration (DEA). The DEA had seized narcotics from a vehicle with Colorado license plate number **CTN-379**. The DEA case agent mistakenly entered a Colorado license plate number **CTN-479** into the government's database. This false entry automatically generated a notice of intent to forfeit which was sent to Claimant, whose vehicle carries the plate **CTN-479**. Not realizing the mistake and believing (understandably so) that the government was forfeiting property in which she had an interest, Claimant filed ECF 126.

At the conference both parties acknowledged on the record the notice from the government

was a mistake; that Claimant has no connection with this criminal action or the assets that were seized; and that her claim should be dismissed. She did inform me that this litigation had cost her $500.00 in costs for engaging in discovery and producing documents. I awarded this amount to Claimant under my authority to reapportion discovery costs in appropriate circumstances.

WHEREFORE, based on the oral stipulation of the parties in open Court on October 12, 2022, I respectfully RECOMMEND[1] that the Claimant's claim of ownership to the forfeited *res* be dismissed with prejudice.

Dated at Denver, Colorado, this day of October 12, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.